## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK R. JORDAN,

    *Plaintiff,*

vs.

SPRINT NEXTEL CORPORATION, et al.,

    *Defendants.*

Case No. 12-2573-EFM

## MEMORANDUM AND ORDER

Plaintiff Jack R. Jordan filed suit against Defendant Sprint Nextel Corporation and Defendant Gary Forsee asserting a retaliation claim (encompassing numerous alleged adverse retaliatory actions) under § 806 of the Sarbanes-Oxley Act of 2002 ("SOX") (18 U.S.C. § 1514A). On March 11, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss (Doc. 66).

Plaintiff has now filed a "Motion to Alter or Amend Court Order" (Doc. 71). Plaintiff states that he brings his motion pursuant to D. Kan. Rule 7.3(a), Fed. R. Civ. P. 59(e), and Fed. R. Civ. P. 54.[1] He contends that the Court should reverse its decision (1) to dismiss Defendant

---

[1] Although Plaintiff cites to Fed. R. Civ. P. 54 as a basis for his motion, he does not address this rule in any way. To the extent that Plaintiff may be seeking a partial final judgment pursuant to Rule 54(b), the Court denies his request.

Forsee from the case, (2) to dismiss his claims of blacklisting and harassment, and (3) to dismiss his alleged post-employment adverse actions.[2]

Plaintiff's motion is both procedurally and substantively infirm. D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders and requires that a motion for reconsideration be filed within fourteen days after the Court files its order. If an order is dispositive, pursuant to D. Kan. Rule 7.3(a), a party may seek relief under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60.[3] Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment within twenty-eight days after entry of judgment.[4]

In this case, the Court's March 11, 2014, Order granting in part and denying in part Defendant's Motion to Dismiss was non-dispositive. Although several of Plaintiff's claims and one Defendant were dismissed from the case, Plaintiff still has a pending claim against Defendant Sprint. Because there is a remaining claim and remaining Defendant, the Order was not dispositive. Thus, Plaintiff should have filed a motion to reconsider pursuant to D. Kan. Rule 7.3(b) within fourteen days of the Court's order. He failed to do so. Instead, he filed it twenty-eight days after the Court's order. Accordingly, his motion fails procedurally.

The Court, however, recognizes that Plaintiff is pro se and that there is some uncertainty within the District of Kansas as to whether orders disposing of some, but not all claims, should

---

[2] Plaintiff essentially would like the Court to reverse its entire Order and reinstate all claims in the case and reinstate Forsee as a Defendant in the case.

[3] *See* D. Kan. Rule 7.3(a) ("Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. The court will not grant reconsideration of such an order or judgment under this rule.").

[4] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). The Court will not address Fed. R. Civ. P. 60 as Plaintiff does not contend that he is bringing his motion pursuant to this rule.

be considered dispositive or non-dispositive orders.[5]  In addition, Fed. R. Civ. P. 59(e) and D. Kan. Rule 7.3(b) contain essentially the same grounds justifying an alteration, amendment, or reconsideration of an order.[6]  A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[7]  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[8]  Plaintiff does not identify any ground for the Court to reconsider its prior ruling.  Thus, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Court Order (Doc. 71) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] *See Turner v. Nat'l Council of State Bd. of Nursing, Inc.*, 2013 WL 139750, at *1 (D. Kan. Jan. 10, 2013).

[6] *See* D. Kan. Rule 7.3(b) (listing factors that a motion to reconsider must be based upon); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548–49 (D. Kan. 2006) (noting the legal standards for Rule 59(e) motions and D. Kan. 7.3(b) motions are "essentially identical").

[7] D. Kan. 7.3(b); *see Servants of Paraclete*, 204 F.3d at 1012 (stating identical grounds for a Rule 59(e) motion).

[8] *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).